# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN ANSON LEWIS,** | § | |
| *Petitioner* | § | |
| | § | |
| **v.** | § | |
| | § | **1:26-cv-00319-RP-SH** |
| | § | |
| **HAYS COUNTY,** | § | |
| *Respondent* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Petitioner John Anson Lewis' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed February 9, 2026 (Dkt. 1), and Application to Proceed *In Forma Pauperis*, filed February 25, 2026 (Dkt. 5).[1]

### I. Application to Proceed *In Forma Pauperis*

Lewis, a state pretrial detainee in Hays County Jail, seeks to file his petition under 28 U.S.C. § 2241 without having to pay the statutory filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Lewis cannot afford the filing fee. Accordingly, the Court hereby **GRANTS** Lewis' Application to Proceed *In Forma Pauperis* (Dkt. 5) and **ORDERS** his Petition (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

Because the Court recommends that the District Court should abstain from adjudicating Lewis's claims, the Court does not order service on the Government at this time.

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

1

## II.  Petition

On May 13, 2025, Lewis was indicted in the 335th District Court in Bastrop County, Texas for possessing less than one gram of a controlled substance, in violation of Texas Health and Safety Code § 481.115(b). *State of Texas v. John Anson Lewis*, No. 335-F-008 (335th Dist. Ct., Bastrop Cnty., Tex. May 13, 2025). State court records show that his prosecution is active and ongoing.[2] Lewis filed this § 2241 Petition on February 9, 2026, asking this federal court to transfer his case from Bastrop County District Court to a Texas Specialty Mental Health Court. Lewis argues that the county is taking too long to prosecute his case and that it has no right to detain him.

Section 2241 authorizes federal district courts to grant writs of habeas corpus to any prisoner or pre-trial detainee "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § (c) 3). "Although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490 (1973)); *see also Montano v. Tex.* 867 F.3d 540, 542 (5th Cir. 2017) ("[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention."). This abstention doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225.

---

[2] The Court takes judicial notice of the state court docket under Federal Rule of Evidence 201. *See Stringer v. Remington Arms Co.*, 52 F.4th 660, 666 n.11 (5th Cir. 2022) (taking judicial notice of state court record).

Typically, to fully exhaust state court remedies, a pretrial detainee "must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Exceptions to the exhaustion requirement are appropriate when the available administrative remedies either are "unavailable or wholly inappropriate to the relief sought," or "the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Those exceptions apply only in "extraordinary circumstances." *Id.*

Lewis has not presented and exhausted any of his claims with the state court and shows no extraordinary circumstances for that failure to exhaust. This Court should abstain from reviewing his petition until the state courts have been given an opportunity to adjudicate his claims. *Dickerson*, 816 F.2d at 225; *Ponce v. Cutler*, No. 1-23-CV-00082-RP-DH, 2023 WL 3466487, at *2 (W.D. Tex. Mar. 31, 2023) (recommending dismissal of habeas petition for failure to exhaust claims with state courts), *R. & R. adopted*, 2023 WL 3467784 (W.D. Tex. May 15, 2023).

### III.  Order

This Magistrate Judge **GRANTS** Lewis' Application to Proceed *In Forma Pauperis* (Dkt. 5) but does not order service.

### IV.  Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **ABSTAIN** from reviewing Petitioner John Anson Lewis' claims and **DISMISS WITHOUT PREJUDICE** his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1).

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 5, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4